JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Christopher A. Gilmore, OSB No. 980570
Senior Assistant County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone: (503) 988-3138
Facsimile: (503) 988-3377
Email: chris.gilmore@multco.us
   Of Attorneys for Defendants Multnomah County,
  Michael Reese, Steven Alexander and Jeffery Wheeler

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| **THERESA DAVIS, RASHAWD DUHART, ROBIN LUNDY**, and **SEAN BERGLUND**, individually and on behalf of all similarly situated individuals,<br><br>              Plaintiffs,<br><br>    v.<br><br>**MULTNOMAH COUNTY**, a political subdivision of the state of Oregon; **MICHAEL REESE, STEVEN ALEXANDER, JEFFERY WHEELER, AND JOHN DOES 1-50**, acting in concert and in their individual capacities,<br><br>              Defendants. | Civil No. 3:20-cv-02041-SB<br><br>DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO STRIKE |

Defendants Reply to Plaintiffs' Response to Defendants' Motion to Strike as follows:

Page 1 – DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO STRIKE

Plaintiffs correctly note that Defendants failed to confer on the Motion to Strike. There is no paragraph including a certification and Defendants do not assert that a conferral took place. Defendants understand the purpose of the rule and apologizes to the Court and Plaintiffs for this oversight.

Notwithstanding, this Court may consider "whether the non-movant received a meaningful opportunity to be heard and whether conferral would have preserved judicial resources by avoiding unnecessary court intervention" in deciding whether to excuse non-compliance. *Bond v. Shriners Hosps. for Child.*, No. 3:20-CV-01943-SB, 2024 WL 5443171, at *12 (D. Or. Nov. 22, 2024), report and recommendation adopted, No. 3:20-CV-1943-SB, 2025 WL 868640 (D. Or. Mar. 20, 2025).

Plaintiffs have fully briefed the issues and were provided an extension by this Court without opposition from Defendants to do so. There is no prejudice or unfairness to Plaintiffs with regard to having an opportunity to fully respond on the merits.

As to the objections agreed to by the parties, there is no further inconvenience to the Court and they should be granted.

As to the remaining objections they should be addressed on the merits because conferral would not have resolved the objections. *Clear Skies Nevada, LLC v. Kainu*, No. 3:16-CV-811-AC, 2017 WL 4021121, at *3 (D. Or. Aug. 21, 2017), report and recommendation adopted, No. 3:16-CV-811-AC, 2017 WL 4012960 (D. Or. Sept. 12, 2017) (motion to deny motion to strike based on lack of conferral denied because conferral would not have resolved the issues).

Plaintiffs' emphasis on inadmissible evidence has been pervasive in this case. References to newspaper articles and websites are included in the Complaint, Amended Complaint and the Motion to Certify. Plaintiffs are aware this information is inadmissible and filed similar

Page 2 – DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO STRIKE

objections to Defendants' Motion for Summary Judgment. The parties should be held to the same standard.  This case has been pending for over three years. To refuse to reach the merits after extensive time and effort in this case only to decide summary judgment based on inadmissible evidence truly would be a waste of judicial resources.

Defendants offer the following brief Reply to the evidentiary objections to minimize use of limited judicial resources:

- ❖ **Newspaper Articles/Periodicals**: The parties agree that periodicals are inadmissible so no further review is necessary.

- ❖ **International Treaty**: Plaintiffs' citation to notice to *United States v. Diamond*, 851 F. App'x 14, 15 (9th Cir. 2021) does not address whether an International Treatise banning the use of tear gas in times of war places Defendants on notice that tear gas poses an unacceptable medical risk, that is a question for an expert and not for politicians, it should be excluded for the purpose which it is offered.

- ❖ **Videos**: Defendants withdraw the objection to videos now that Plaintiffs included a declaration.

- ❖ **"Arguments" or Evidence with Which the County Disagrees**

  - o PROPOSITION 65 WARNING: The citation to the warning required by Proposition 65 in California suffers from the same admissibility problems as the Chemical Weapons Convention, it is political rhetoric and not evidence of a serious risk of harm in this case absent an expert opinion particularly given the absence of any of the injuries noted in the warning and the lack of any evidence that the constituents complained of were present in the jail.

  - o CDC WEBSTITE: Defendants withdraw its objection to the reference to the Center for Disease Control website.

As to the Rule 702 challenges to Plaintiffs' experts, Defendants respond as follows:

- ❖ **Dr. Freedman's report**

  - o **Statement About Impacts on Other AICs**: Plaintiffs don't respond to Defendants' objection that Dr. Freedman is speculating about tear gas exposure throughout the jail but instead argues he is competent to offer an opinion on symptoms. That argument misses the point. Defendants do not object to those individuals whose medical records were reviewed or that provided statements of their symptoms by deposition or otherwise, it is the

Page 3 – DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO STRIKE

      conclusion that those same symptoms were experienced by everyone in the jail. Plaintiffs did not hire an expert to testify on concentrations throughout the jail and whether the jail population suffered equally with regard to tear gas exposure. It is a hole in Plaintiffs case that cannot be filled by Dr. Freedman.

- **Diagnosis or Treatment of Mental Illness**: Plaintiffs conveniently ignore the fact that Dr. Freedman admitted under oath that not only has he not diagnosed anyone with PTSD for over a decade, he *no longer knows the criteria that are the basis for such diagnosis*, that goes directly to admissibility and lack of expertise.

❖ **Corrections Administration**:

- MEDICAL REQUEST FORMS: The records show that inmates were provided care in response to every Medical Request Form that was filed. Dr. Freedman's statement that they achieved nothing is qualitative opinion not a fact and is outside his scope of expertise.

- GRIEVANCES: Dr. Freedman's opinion on whether grievances were acted upon is qualitative and relates to jail administration of which he has no expertise. A fact would be that jail staff responded to every grievance by continuously closing the dampers and by referring any medical related requests to the health care providers. (ECF No. 100, Pedro Declaration in Support of MSJ, Exhibit 3 and ECF No. 106, Gilmore Declaration in Support of MSJ, ECF Nos. 106-27, ECF 106-32 and ECF 106-39). Dr. Freedman's statement that Defendants did nothing is at best a misstatement of the facts and, if not that, an opinion about whether the response was adequate from a jail administrative perspective.

❖ **Concentration of Teargas Exposure in the Jail**: Plaintiffs admit that Dr. Freedman lacks expertise to make any conclusions about the dynamic flow of tear gas in an indoor setting. That is exactly why his conclusion that everyone in the jail suffered the same symptoms from exposure to tear gas is inadmissible. His conclusion regarding symptoms is entirely based on the amount and presence of tear gas in the jail of which he has no expertise.

❖ **Use of CN Gas**: Plaintiffs admit Dr. Freedman's reference to CN gas is inadmissible so no further review is necessary.

❖ **Dr. Freedman's Sources**: Objection withdrawn based on Plaintiffs' statement that the references were not relied.

/// /// ///

/// /// ///

Page 4 – DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO STRIKE

- ❖ **Philip Stanley's Report**

  - o NATIONAL INSTITUTE OF CORRECTIONS: Plaintiffs rely on *Andrews v. Cnty. of Sangamon*, 2022 WL 22893296, at *4 (C.D. Ill. Jan. 5, 2022) an out of circuit case discussing relevance. However, in Oregon, these nationwide guidelines are "insufficient evidence to overcome local prison officials' justification." *Cunningham v. Multnomah Cnty.*, No. 3:12-CV-01718-MO, 2016 WL 8731436, at *5 (D. Or. Mar. 18, 2016), aff'd, 737 F. App'x 814 (9th Cir. 2018). So, while Mr. Stanley can opine on whether the decisions in this case were reasonable, he may not rely on compliance with the National Institute of Corrections guidelines in evaluating jail staff's judgment based on application of local policy.

  - o COVID: Plaintiffs admit that "Mr. Stanley doesn't hold himself as a COVID-19 expert" but argues his opinion on the risks of COVID in the context of an evacuation are nonetheless admissible. This just doesn't add up. His opinion on the impacts of COVID on a potential evacuation should be excluded. Sheriff Reese in contrast worked closely with public health officials to understand the risks of COVID and to comply with CDC Guidelines. (ECF No. 106, Gilmore Declaration, ECF No. 106-3, pp. 22 of 24). To the extent Mr. Stanley, as a jail corrections expert, sought input from an expert in the field of public health like Sheriff Reese that would be equally admissible. He did not. No qualified expert opined that the health risks associated with COVID during an evacuation were "solvable."

- ❖ **Martin Rose Report**: Plaintiffs acknowledge that Mr. Rose "does not seek to offer an opinion on the appropriate medical response to tear gas in the jail setting" and that they have no objection to exclusion on that basis. Based on this statement Defendants withdraw this objection.

For all the above reasons, Defendants' Motion to Strike should be granted.

Dated this 2nd day of May, 2025.

> Respectfully submitted,
>
> JENNY M. MADKOUR, COUNTY ATTORNEY
> FOR MULTNOMAH COUNTY, OREGON
>
> **/s/ Christopher A. Gilmore**
> _____
> Christopher A. Gilmore, OSB No. 980570
> Senior Assistant County Attorney
>   *Of Attorneys for Defendants*

Page 5 – DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO STRIKE